UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TIMOTHY WILLIAMS and <br> RHONDA WILLIAMS, <br><br> Plaintiffs, <br><br> v. <br><br> SUNTRUST MORTGAGE, INC., <br> NATIONWIDE TRUSTEE SERVICES, INC., <br> and FEDERAL NATIONAL MORTGAGE <br> ASSOCIATION, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No.: 3:12-CV-477 <br> ) (VARLAN/SHIRLEY) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION

This civil action is before the Court on defendants SunTrust Mortgage, Inc. ("SunTrust") and Federal National Mortgage Association's ("Fannie Mae") (collectively, "defendants") Motion to Dismiss [Doc. 5]. Plaintiffs have not submitted a response and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1(a), 7.2.

For the reasons discussed herein, defendants' motion to dismiss [Doc. 5] will be **GRANTED** and plaintiffs' claims against SunTrust and Fannie Mae will be **DISMISSED**.

**I. Facts**

This dispute involves real property located at 110 Ambassador Lane in Anderson County, Tennessee. On or about December 29, 2005 plaintiffs executed a Deed of Trust and Promissory Note with SunTrust for the purchase of the property [Doc. 1-1 ¶ 2]. On

September 15, 2010, plaintiffs entered into a trial period with SunTrust through the Home Affordable Modification Program to modify their mortgage payment after the completion of the trial period, which required a certain number of payments [*Id.*]. In November 2010, SunTrust misapplied a payment made by plaintiffs and placed plaintiffs' home loan into default [*Id.* at ¶ 3]. On June 16, 2011, plaintiffs attempted a second loan modification with SunTrust [*Id.*]. After accepting several payments, SunTrust stopped accepting payments from plaintiffs and initiated foreclosure proceedings [*Id.*]. A foreclosure sale took place on or about January 19, 2012, with SunTrust being the high bidder and subsequently transferring its interest in plaintiffs' home to Fannie Mae [Doc. 1 ¶ 6]. Fannie Mae subsequently filed a detainer action in Anderson County [*Id.* at ¶ 6].

In August 2012, plaintiffs filed this action in Anderson County Chancery Court, alleging that the foreclosure sale violated Tennessee law, specifically claiming that defendants violated the Tennessee Home Loan Protection Act [*Id.* at ¶ 7]. Plaintiffs also alleged claims for breach of contract, negligence, fraud, and misrepresentation, seeking preliminary and permanent injunctive relief from defendants [*Id.* at ¶15]. Defendants subsequently removed the action to this Court in September 2012 [Doc. 1].

## II.     Standard of Review

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A party may move to dismiss for failure to state a claim pursuant to Rule 12(b)(6). In order to survive a Rule 12(b)(6) motion, a complaint must

contain allegations supporting all material elements of the claims. *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). In determining whether to grant a motion to dismiss, all well-pleaded allegations must be taken as true and must be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Nor will an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pleading must "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

**III. Analysis**

Defendants argue that plaintiffs have failed to state a claim upon which this Court could grant relief as to each claim plaintiffs have raised in their complaint. The Court will determine whether each claim complies with the requirements of Rule 8(a).

3

### A. Breach of Contract

Defendants submit that plaintiff has failed to allege adequately a contract claim against these defendants because the complaint fails to set forth the necessary elements and also fails to allege facts with respect to each element. Specifically, defendants contend that plaintiffs have not alleged a breach of the Note or accompanying Deed of Trust. Further, defendants submit that plaintiffs have not alleged that the contract modification undertaken in 2010 and again 2011 was ever completed, or that any such modification was reduced to writing pursuant to the statute of frauds.

The essential elements of a breach of contract claim under Tennessee law include (1) the existence of a contract, (2) breach of the contract, and (3) damages which flow from the breach. *Life Care Ctrs. of Am. v. Charles Town Assocs. Ltd. P'ship*, 79 F.3d 496, 514 (6th Cir. 1996). Tennessee's statute of frauds provides, in relevant part:

> (b)(1) No action shall be brought against a lender or creditor upon any promise or commitment to lend money or to extend credit, or upon any promise or commitment to alter, amend, renew, extend or otherwise modify or supplement any written promise, agreement or commitment to lend money or extend credit, unless the promise or agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the lender or creditor, or some other person lawfully authorized by such lender or creditor.

Tenn. Code Ann. § 29-2-101(b)(1).

Several courts have addressed this section of the statute of frauds in the context of residential foreclosures. In *Vaughter v. BAC Home Loans Servicing, LP*, the plaintiff homeowners alleged that the defendant lender, acting through its employees, had orally

4

promised that the plaintiffs would receive a loan modification if they met certain requirements, thereby keeping their home out of foreclosure. No. 3:11-cv-776, 2012 WL 162398, at *7 (M.D. Tenn. Jan. 19, 2012). However, plaintiffs' only allegations in the complaint related to those conversations with defendant's employees, rather than a written agreement to modify the original loan amount. The court, citing to the statute of frauds, granted defendant's motion to dismiss because plaintiffs had not alleged that any such agreement was put into writing and signed by the defendant lender. *Id.*

Similarly, in *Grona v. CitiMortgage, Inc.*, the Middle District of Tennessee addressed the statute of frauds where the plaintiff homeowner had received an offer to modify her loan to lower the monthly payments. No. 3-12-0039, 2012 WL 1108117, at **1-2 (M.D. Tenn. Apr. 2, 2012). The offer stated that the plan to modify the loan would not go into effect absent the plaintiff's compliance with all the requirements for modification as well as both the plaintiff and the defendant's signatures of a modification agreement. *Id.* The plaintiff claimed that she made all the requisite payments during the trial period and that the defendant lender failed to make the appropriate modification and improperly initiated foreclosure proceedings. *Id.* The court, citing to the statute of frauds as well as to the language of the offer, dismissed plaintiff's claims because she did not allege anything more than oral promise. *Id.* at *4. *See also Simpkins v. SunTrust Mortg., Inc.*, No. 3:11-CV-595, 2012 WL 3095570, at *6 (E.D. Tenn. July 30, 2012) (dismissing breach of contract claim where claim was based upon an oral agreement to modify payment terms of a promissory note).

5

In this case, plaintiffs have not alleged a breach of the underlying Note and Deed of Trust.  Rather, plaintiffs' complaint focuses on defendant SunTrust's agreements to modify plaintiffs' mortgage payments through the Home Affordable Modification program, which required a trial period of five payments prior to completion of the modification [Doc. 1-1 ¶ 2].  The statute of frauds would apply in this case because the agreement pertained to a modification of plaintiffs' loan repayment.  Plaintiffs argue that SunTrust breached the modification agreement by "misapplying" the November 2010 payment, by refusing to allow plaintiffs to continue the loan modification program, and by refusing to accept modified payments.  However, plaintiffs do not allege that there was ever a written modification agreement signed by both parties at the end of the five month trial period.  In other words, plaintiffs do not allege that the modification offer which was proposed by SunTrust was ever accepted by plaintiff making the required payments during the trial period.  In fact, it appears that SunTrust refused to go through with the rest of the trial period after November 2010, meaning that the proposed modification between the parties never took place [*Id.* at ¶ 3].  Plaintiffs do not otherwise allege that there was any writing that modified the underlying Note and Deed of Trust.

Since any agreement between the parties to alter the mortgage payments would have to be  written in order for  plaintiffs to state a claim for breach of contract, plaintiffs'

6

claim fails under Tennessee's statute of frauds. Accordingly, plaintiffs' breach of contract claim will be dismissed.[1]

**B.     Negligence**

Plaintiffs also assert a claim of negligence against defendants. In support of their motion to dismiss, defendants contend that plaintiffs have not alleged the elements necessary to support a negligence claim and, further, that defendants owed no duty to plaintiffs independent of the duties set forth in the Note and Deed of Trust.

To bring a successful negligence claim under Tennessee law, the plaintiff must establish each of the following elements: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate, or legal, causation. *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000) (citing *White v. Lawrence*, 975 S.W.2d 525, 529 (Tenn. 1998)). Regarding the first factor, the Sixth Circuit has noted that Tennessee common law does not generally "impose fiduciary or similar duties on banks with respect to their customers, depositors, or borrowers absent special circumstances." *Power & Tel. Suppply Co., Inc. v. SunTrust Banks, Inc.*, 447 F.3d 923, 932 (6th Cir. 2006) (citing *Glazer v. First Am. Nat'l Bank*, 930 S.W.2d 546, 550 (Tenn. 1996); *Oak Ridge Precision Indus., Inc. v. First Tenn. Bank*

---

[1] The Court notes that plaintiffs' complaint does not allege a valid contract existed as between plaintiffs and defendant Fannie Mae. Accordingly, to the extent plaintiffs raised a breach of contract claim against Fannie Mae, the Court dismisses this claim against because plaintiff has failed to allege a necessary element of a breach of contract claim. *See Life Care*, 579 F.3d at 614; *see generally Scheid*, 859 F.2d at 436-37 (noting that complaint must contain allegations with regards to all material elements of a given legal theory).

7

*Nat'l Ass'n*, 835 S.W.2d 25, 29 n.2 (Tenn. Ct. App. 1992)). This reflects the recognition that "bank-depositor or debtor-creditor relationships generally involve arm's-length dealings." *Id.*

Similarly, when two parties enter into a contractual agreement, their obligations to each other arise out of the contract itself, so that a violation of the contractual duty supports an action in contract rather than in tort. *See Permobil, Inc. v. Am. Express Travel Related Servs., Inc.*, 571 F. Supp. 2d 825, 842 (M.D. Tenn. 2008) ("[I]f the only source of duty between a particular plaintiff and defendant is their contract with each other, then a breach of that duty, without more, ordinarily will not support a negligence action.") (quoting *Thomas & Assocs., Inc. v. Metro. Gov't of Nashville*, No. M2001-00757-COA-R3-CV, 2003 WL 21302974, at *6 (Tenn. Ct. App. June 6, 2003)). Without a breach of a duty, there can be no negligence. *Thomas*, 2003 WL 21302974 at *5 (quoting *Chattanooga Warehouse & Cold Storage Co. v. Anderson*, 210 S.W. 153, 155 (Tenn. 1919)).

In this case, plaintiffs have not alleged that defendants owed plaintiffs any duty other than the contractual duty created by the Note and Deed of Trust between SunTrust and plaintiffs. Plaintiffs have not alleged any facts indicating that plaintiffs and defendants shared anything other than the arms-length relationship between debtor and lender, which does not create a duty of care. To the extent plaintiffs allege that defendants breached the Note and Deed of Trust, or any subsequent modification agreement, any remedy for the breach would be based upon contract law rather than tort

8

law. Moreover, plaintiffs have not alleged that defendants' actions were the cause in fact and proximate cause of the damages plaintiffs suffered. Plaintiffs have failed to set forth the elements necessary for a negligence claim. Accordingly, plaintiffs' negligence claims against defendants will be dismissed.

### C. Fraud & Misrepresentation

Plaintiffs also allege that the defendants committed fraud and/or made a negligent misrepresentation by misapplying their payments made during the trial modification period and fraudulently foreclosing upon plaintiffs' home. In support of their motion to dismiss, defendants submit that plaintiffs have failed to allege any false statement made by defendants or that plaintiffs relied on any false statement.

Under Rule 9(b) of the Federal Rules of Civil Procedure, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *See Advocacy Org. for Patients and Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 322 (6th Cir. 1999) ("'[A]llegations of fraudulent misrepresentation[s] must be made with sufficient particularity and with a sufficient factual basis to support an inference that they were knowingly made.'") (quoting *Coffey v. Foamex L.P.*, 2 F.3d 157, 162 (6th Cir. 1993)).

> [A] complaint is sufficient under Rule 9(b) if it alleges the time, place, and content of the alleged misrepresentation on which [the deceived party] relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud, and enables defendants to prepare an informed pleading responsive to the specific allegations of fraud.

9

*United States ex rel. Poteet v. Medtronic, Inc.*, 552 F.3d 503, 518 (6th Cir. 2009) (internal quotations omitted). "A court need not accept claims that consist of no more than mere assertions and unsupported or unsupportable conclusions." *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 876 (6th Cir. 2006) (citing *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006)). Allegations of reliance must also be pled with particularity. *Evans v. Pearson Enters.*, 434 F.3d 839, 852-53 (6th Cir. 2006).

In order to state a claim for fraud under Tennessee law, a plaintiff must plead the following elements: (1) a representation of an existing or past fact; (2) the representation was false when made; (3) the representation was in regard to a material fact, (4) the false representation was made knowingly, without belief in its truth, or recklessly; (5) the plaintiff reasonably relied on the misrepresentation; and (6) the plaintiff suffered damages as a result of the misrepresentation. *Walker v. Sunrise Pontiac-GMC Truck, Inc.*, 249 S.W.3d 301, 311 (Tenn. 2008); *see also Dobbs v. Guenther*, 846 S.W.2d 270, 274 (Tenn. Ct. App. 1992) (grouping the requirements into four elements).

To establish a claim of negligent misrepresentation, the plaintiff must prove that "(1) the defendant supplied information to the plaintiff; (2) the information was false; (3) the defendant did not exercise reasonable care in obtaining or communicating the information; and (4) the plaintiffs justifiably relied on the information." *Roopchan v. ADT Sec. Sys., Inc.*, 781 F. Supp. 2d 636, 654 (E.D. Tenn. 2011) (quoting *Walker v. Sunrise Pontiac-GMC Truck, Inc.*, 249 S.W. 3d 301, 311 (Tenn. 2008)).

10

Case 3:12-cv-00477   Document 8   Filed 03/25/13   Page 10 of 14   PageID #: 76

In this case, plaintiffs allege that defendants knew of the "fraudulent acts and intentional misapplied payments" that resulted in the sale of their home [Doc. 1-1 ¶ 8], and also that defendants breached their contract with plaintiffs by "fraudulently and intentionally misapplying the payment of the loan pursuant to the loan modification agreement" [*Id.* at ¶ 12]. However, plaintiffs never identify a material, false representation of existing fact made by defendants and relied upon by plaintiffs. Plaintiffs allege that defendants misapplied payments pursuant to the agreement, but do not allege that defendants made a false statement to plaintiffs. Plaintiffs' failure to allege a false statement is fatal to their fraud claim under both Rule 9(b) and Tennessee law. Similarly, plaintiffs do not allege that defendants gave false information, which is necessary to state a claim for negligent misrepresentation in Tennessee.

Even if the Court were to find that plaintiffs alleged a false statement, plaintiffs' complaint fails to plead a claim of fraud against defendants with such specificity so as to give defendants sufficient notice of the claim. Plaintiffs do not allege which defendant made a material false statement, the content of any false statement, or when such a false statement would have been made. While plaintiffs allege that defendants knew about the misapplied payments, this does not adequately allege a "fraudulent scheme" which would enable "defendants to prepare an informed pleading responsive to the specific allegations of fraud." *Medtronics*, 552 F.3d at 518. Plaintiffs' claims are no more than unsupported assertions which cannot withstand a motion to dismiss. Accordingly, defendants' motion will be granted.

11

### D. Tennessee Home Loan Protection Act

Plaintiffs also allege that defendants' actions violated the Tennessee Home Loan Protection Act (the "Home Loan Act"), alleging that defendants "encouraged default and payment skipping and fraudulently applied the mortgage payment in November 2010 to force foreclosure and default on the loan" [Doc. 1-1 ¶ 7]. Defendants argue that the Home Loan Act does not apply to the loan at issue in this case.

The Home Loan Act protects borrowers from excessive loan amounts and regulates the purpose for which a debt may be put to use. Tenn. Code Ann. § 45-20-103. Under its definitions sections, the statute states that "home loan," as used in the statute, does not include "[a]ny residential mortgage transaction as defined in 12 C.F.R. 226.2(a)(24)." Tenn Code Ann. § 45-20-102(9)(D)(i). The statute refers to Regulation Z of the federal Truth in Lending Act, 15 U.S.C. § 1601, *et seq*. *See Simms v. CIT Group/Consumer Fin.*, No. 08-2655-STA, 2009 WL 973011, at *7 (W.D. Tenn. Apr. 9, 2009). That regulation defines a "residential mortgage transaction" as "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained in the consumer's principal dwelling to finance the acquisition or initial construction of that dwelling." 12 C.F.R. § 226.2(a)(24).

In their complaint, plaintiffs state that they executed the Deed of Trust in this case to secure the purchase money mortgage owed to SunTrust, as evidenced by the Note [Doc. 1-1 ¶ 2]. From this, and upon the Court's review of the Note as well as the Deed of

12

Trust [Docs. 5-1, 5-2], it appears that the loan at issue is the type of residential mortgage transaction defined by the corresponding federal regulation and thereby excluded from the Home Loan Act. Accordingly, defendants' motion as to this claim will be granted and plaintiffs' Home Loan Act claims against defendants will be dismissed.

### E. Injunctive Relief

Plaintiffs' complaint also contains a claim for preliminary injunctive relief. Defendants argue that plaintiffs have not alleged any of the factors required for this Court to grant such relief.

"Pursuant to Fed. R. Civ. P. 65, in order to grant a preliminary injunction, a district court must consider: (1) whether the plaintiff[s] [have] established a substantial likelihood or probability of success on the merits; (2) whether there is a threat of irreparable harm to the plaintiff[s]; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by granting injunctive relief." *Moulds v. Bank of New York Mellon*, No. 1:11-CV-200, 2011 WL 4344439, *5 (E.D. Tenn. Sept. 14, 2011) (quotation omitted).

Plaintiffs have not alleged any facts tending to show that these factors weigh in their favor and thus, after due consideration in light of the relevant law as discussed, *supra*, the Court finds that all of the factors weigh in favor of denying plaintiffs' requests for injunctive relief.

13

Case 3:12-cv-00477 Document 8 Filed 03/25/13 Page 13 of 14 PageID #: 79

## IV. Conclusion

For the reasons discussed herein, defendants' motion to dismiss [Doc. 5] will be **GRANTED**. Plaintiffs' claims against SunTrust and Fannie Mae will be **DISMISSED.** ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE