UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TIMOTHY WILLIAMS and, ) | |
| RHONDA WILLIAMS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 3:12-CV-477 |
| v. ) | (VARLAN/SHIRLEY) |
| ) | |
| SUNTRUST MORTGAGE, INC., ) | |
| NATIONWIDE TRUSTEE SERVICES, INC., ) | |
| and FEDERAL NATIONAL MORTGAGE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Lawrence W. Kelly's Motion to Withdrawal as Counsel [Doc. 16] for Defendant Nationwide Trustee Services, Inc. ("Nationwide"), filed on December 11, 2013. The parties appeared before the Court for a telephonic motion hearing on February 24, 2014. Curtis W. Isabell represented the Plaintiffs, Kenneth M. Bryant represented SunTrust Mortgage Inc., and Mr. Kelly represented Nationwide.

In his motion, Mr. Kelly submits that extraordinary circumstances exist for his withdrawal, namely, that Nationwide has filed for bankruptcy. By way of background, the parties initially appeared before the Court on January 22, 2014, for a telephonic hearing on the instant motion. Mr. Kelly submitted that Nationwide had been dissolved due to the bankruptcy proceedings, and thus, he no longer had a client to represent or any legal matters to pursue on

behalf of Nationwide. In addition, Mr. Kelly pointed to an order [Doc. 22-1] entered by the bankruptcy court on December 19, 2013, which approved Nationwide's plan for liquidation and purported to place an injunction against any litigants, such as the Plaintiffs, from pursuing a wrongful foreclosure action against Nationwide without first obtaining the bankruptcy court's permission. Because the other parties had not yet had the opportunity to review the bankruptcy court's order, the Court continued the hearing until February 24, 2014, in order for the parties to review the bankruptcy court's order and approved plan for liquidation.

During the February 24 telephonic hearing, Mr. Isabell, on behalf of the Plaintiffs, agreed that per the bankruptcy court's order, the Plaintiffs would in fact need to file the appropriate paperwork with the bankruptcy court in order to proceed with its claim against Nationwide. Mr. Isabell confirmed that the Plaintiffs will be filing such paperwork. Mr. Kelly stated that he had filed a motion to dismiss on behalf of Nationwide in the event that he is not allowed to withdraw. In addition, he conceded that pursuant to paragraph 27(f) of the bankruptcy court's order, the provision allowed this Court to grant or deny his motion to withdraw. Moreover, Mr. Kelly candidly stated that because Nationwide was a "defunct entity," it was unlikely that Nationwide would be able to retain substitute counsel in the event that the Court granted his motion.

The Court observes that Local Rule 83.4(f) governs the withdrawal of an attorney of record. The rule provides that absent extraordinary circumstances, the Court shall not allow counsel for a corporation, artificial person, or legal entity created by statute to withdraw from representation unless substitute counsel has been obtained. E.D. TN.LR 83.4(f). This Court, as the court presiding over the foreclosure actions, determines that the entity Defendant Nationwide requires counsel of record. [See Doc. 22-1 at 24, ¶27(f)]. At this juncture of the litigation, the Court is reluctant to allow Mr. Kelly to withdraw as counsel of record. The Court observes that

2

due to Nationwide's bankruptcy proceedings, it is highly unlikely that Nationwide will be able to retain new counsel. Accordingly, Mr. Kelly's Motion to Withdrawal as Counsel [**Doc. 16**] is **DENIED**.

    **IT IS SO ORDERED**.

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

3

Case 3:12-cv-00477-TAV-CCS   Document 27   Filed 02/24/14   Page 3 of 3   PageID #: 189