UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| TIMOTHY WILLIAMS and | ) | |
|---|---|---|
| RHONDA WILLIAMS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.: 3:12-CV-477-TAV-CCS |
| | ) | |
| SUNTRUST MORTGAGE, INC., | ) | |
| NATIONWIDE TRUSTEE SERVICES, INC., | ) | |
| and FEDERAL NATIONAL MORTGAGE | ) | |
| ASSOCIATION, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on plaintiffs' Motion to Set Aside Judgment and Motion to Remand [Doc. 10], in which plaintiffs request the Court to set aside the Memorandum Opinion and Order dismissing defendants SunTrust Mortgage, Inc. ("SunTrust") and the Federal National Mortgage Association ("Fannie Mae") (collectively, "defendants") as defendants in this case [Docs. 8, 9]. Plaintiffs submit that because defendant Nationwide Trustee Services, Inc. ("Nationwide") is a Tennessee corporation, there is not complete diversity between the parties and that remand to Anderson County Chancery Court is proper under 42 U.S.C. § 1447. Defendants submitted a response [Doc. 12], arguing that Nationwide should be ignored for diversity purposes because it is a nominal party. Plaintiffs have not submitted a reply brief and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1(a), 7.2.

**I.   Analysis**[1]

In support of their motion, plaintiffs argue that they are entitled to relief under Rule 60 of the Federal Rules of Civil Procedure because the parties in this case are not completely diverse; thus, the court lacks subject matter jurisdiction. Specifically, plaintiffs submit that Nationwide, a Tennessee Corporation, is not a nominal party for determining diversity because it "improperly conducted the sale of the [p]laintiffs' home and transferred the property to the [d]efendant, Fannie Mae on January 19, 2012" [Doc. 10 ¶ 5]. In doing so, plaintiffs argue, Nationwide assisted the other defendants in the fraudulent disposition of plaintiffs' home and also assisted SunTrust in its breach of the contract it had with plaintiffs, making it a real party in interest.

Defendants respond that plaintiffs cannot meet their burden under Rule 60. Nationwide should be disregarded for diversity purposes, defendants argue, because it is only a nominal party with no interest in the outcome of the case, making jurisdiction proper. In addition, defendants submit that the fact that Nationwide is only mentioned in three paragraphs of the complaint [Doc. 1-1] illustrates that Nationwide is not a real party in interest to this case.

Although plaintiffs bring this motion "[p]ursuant to Federal Rules of Civil Procedure Rule 60," plaintiffs title their motion as one to set aside the judgment, and the arguments contained herein suggest a motion under Rule 59(e) to alter or amend a

---

[1] Although discussed herein to the extent relevant to the Court's analysis, the Court presumes familiarity with the facts of this case as well as the analysis underlying the Court's Memorandum Opinion and accompanying Order [Docs. 8, 9].

judgment. Fed. R. Civ. P. 59(e). Rule 59(e) requires that a motion to alter or amend a judgment "be filed no later than 28 days after entry of the judgment." *Id.* Plaintiffs' motion [Doc. 10] was filed on March 27, 2013, two days after the entry of the Court's order dismissing defendants. When a party files a motion to reconsider a final order or judgment within the time frame specified in Rule 59(e), the Sixth Circuit generally considers the motion to be brought pursuant to that rule. *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617 (6th Cir. 2002). In addition, the standard for granting a Rule 60(b) motion is higher than the standard for granting a Rule 59(e) motion. *CGH Transp., Inc. v. Quebecor World, Inc.*, 261 F. App'x 817, 824 (6th Cir. 2008). Accordingly, the Court finds it appropriate to analyze the motion under Rule 59(e). *See, e.g. Hashemian v. Louisville Reg'l Airport Auth.*, No. 3:09-CV-951-R, 2013 WL 3967695, at *1 (W.D. Ky. July 31, 2013) (giving plaintiff "the benefit of the more lenient standard" when motion referenced Rule 60 but resembled Rule 59(e) motion).

"A district court may grant a Rule 59(e) motion to alter or amend judgment only if there is: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Rule 59 motions are not "intended as a vehicle to re-litigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by

3

offering the same arguments previously presented." *Kenneth Henes Special Projects Procurement v. Cont'l Biomass Indus., Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000) (emphasis and citation omitted); *see also Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (nothing that a Rule 59(e) motion "is not an opportunity to re-argue a case" nor an avenue to raise arguments that "could have, but [were] not" raised before (citation omitted)).

In their motion, plaintiffs do not raise any merit-based grounds for warranting reversal of the Court's decision to dismiss defendants, but rather assert that this case is not properly before the Court because there is a lack of diversity jurisdiction. "Subject matter jurisdiction is always a threshold determination," *Am. Telecom Co. v. Republic of Lebanon,* 501 F.3d 534, 537 (6th Cir. 2007) (citing *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 101 (1998)), and "may be raised at any stage in the proceedings," *Shultz v. Gen. R.V. Ctr.,* 512 F.3d 754, 756 (6th Cir. 2008). *See also Ford v. Hamilton Invs., Inc.*, 29 F.3d 255, 257 (6th Cir. 1994) (noting that subject matter jurisdiction s an issue that "may be raised at any time, by any party or even *sua sponte* by the court itself" (quotation omitted)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

A federal district court has original diversity jurisdiction over an action between citizens of different states and where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Generally, "[d]iversity jurisdiction in the district court requires complete diversity, *i.e.*, none of the defendants can be

4

citizens of the same state as any of the plaintiffs." *Maiden v. North Am. Stainless, L.P.*, 125 F. App'x 1, 3 (6th Cir. 2004) (citation omitted). In determining whether complete diversity exists, "'a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of the real parties to the controversy.'" *Id.* (quoting *Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 461(1980)); *see, e.g. Certain Interested Underwriters at Lloyd's of London v. Layne*, 26 F.3d 39, 42 (6th Cir. 1994). The real party in interest is "the person who is entitled to enforce the right asserted under the governing substantive law." *Lloyd's*, 26 F.3d at 43. In contrast, a "formal or nominal party 'is one who has no interest in the result of the suit and need not have been made a party thereto.'" *Maiden*, 125 F. App'x at 3 (quoting *Grant Cnty. Deposit Bank v. McCampbell*, 194 F.2d 469, 472 (6th Cir. 1952)).

In support of their argument that Nationwide is a nominal party, defendants rely upon *Dempsey v. Transouth Mortgage Corporation*, 88 F. Supp. 2d 482 (W.D.N.C. 1999). The court in *Dempsey* addressed whether a defendant that was a substitute trustee, similar to the role Nationwide played in the foreclosure sale in this case, could be used to defeat diversity jurisdiction. Based on the fact that the defendant only held title for the benefit of the real parties in interest, and since there were no factual allegations against the defendant, the court concluded it was a "nominal party at best." *Id.* at 484.

Although plaintiffs in this case refer to Nationwide in the factual allegations set forth in the complaint, unlike the complaint at issue in *Dempsey*, the Court concludes that, like the substitute trustee in that case, Nationwide is a nominal party whose

5

citizenship may be disregarded for the purpose of establishing diversity jurisdiction. Like the defendant in *Dempsey*, Nationwide's only role in this case was that of substitute trustee, meaning it carried out the foreclosure sale on behalf and for the benefit of SunTrust, and subsequently transferred the deed to Fannie Mae. In addition, the Court notes that plaintiffs' complaint [Doc. 1-1] references Nationwide three times, each time associating Nationwide with the other defendants. The first instance merely notes that Nationwide, acting as the substitute trustee for SunTrust, held a foreclosure sale of the property on January 19, 2012 [*Id.* ¶ 5]. Next, plaintiffs allege the foreclosure sale, held by Nationwide, as an agent for SunTrust, "was not conducted in accordance with Tennessee law, was and is fraudulent and violated the Home Protection Act as the [d]efendants encouraged default and payment skipping and fraudulently applied the mortgage payment in November 2010 to force foreclosure and default on the loan" [*Id.* ¶ 7]. Although plaintiffs employ the phrase "defendants," the actions which plaintiffs claim invalidated the foreclosure, *i.e.* encouraging default and misapplying payments, are only attributable to SunTrust, the lender for plaintiffs' mortgage [*See id.* ¶¶ 2-4]. Similarly, while plaintiffs claim that all of the defendants "knew about the agreement with plaintiffs for loan modification" [*Id.* ¶ 8], plaintiffs' earlier allegations indicate that this claim is also only applicable to SunTrust [*See id.* ¶ 4]. Although plaintiffs assert separate allegations against Fannie Mae, relating to several detainer actions filed by Fannie Mae against plaintiffs [Doc. 1-1 ¶ 6], plaintiffs raise no other separate allegations against Nationwide. Accordingly, the Court finds that Nationwide is a nominal party to

this case whose citizenship may be ignored for determining diversity jurisdiction, and concludes that the Court may properly exercise jurisdiction over this case. As plaintiffs raise no other grounds on which the Court could reconsider its previous decision dismissing SunTrust and Fannie Mae, the Court will deny plaintiffs' request to reconsider or set aside its judgment in addition to denying plaintiffs' request that this case be remanded.

## II.     Conclusion

For the reasons previously discussed, plaintiffs' Motion to Set Aside and Motion to Remand [Doc. 10] is hereby **DENIED.**

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE